UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JULIE ANN KAMINSKI, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:16-cv-00404 |
| THE GAP, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE TELEPHONE CONSUMER PROTECTION ACT**

NOW comes JULIE ANN KAMINSKI ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of THE GAP, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 and the Indiana Deceptive Consumer Sales Act ("IDCSA") under I.C. 24-5-0.5 for Defendant's unlawful practices.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4.  Plaintiff is a 46 year old natural person residing at 4180 Harrison Street, Gary, Indiana, which falls within the Northern District of Indiana.

5.  Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

6.  Defendant, through its stores and other channels, sells clothing as well as offers credit card services to its customers.  Defendant maintains its headquarters in San Francisco, California and regularly conducts business with consumers in Indiana, including Plaintiff

7.  Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

## FACTS SUPPORTING CAUSES OF ACTION

8.  Plaintiff incurred a consumer credit card from Defendant issued by Synchrony Financial which she used to make purchases of clothing for herself and family.  *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

9.  Over a period of time, Plaintiff made several payments to Defendant on the consumer credit card.  *See* Exhibit A.

10.  Plaintiff made a final and full payment of $80.79 to Defendant through means of a money order.  *Id.*

11.  Subsequent to making her final payment, Plaintiff started receiving phone calls from Defendant to her cellular phone seeking payment in late 2015.  *Id.*

12.  Plaintiff's cellular phone number is (773) XXX-3622.  *Id.*

13.  The number that Defendant has used most often to call Plaintiff is (330) 433-5970.  *Id.*

14.     Upon information and belief, the above is a number regularly utilized by Defendant during its debt collection activity towards consumers.

15.     When Plaintiff has answered calls from Defendant, she experiences several moments of dead air before a live representative begins to speak.  *Id.*

16.     During the calls, Defendant has sought payment from Plaintiff claiming that it never received her final payment.  *Id.*

17.     On multiple occasions, Plaintiff has told Defendant that she did not owe any money and demanded that it stop calling her.  *Id.*

18.     Despite her pleas, Defendant has continued to call Plaintiff's cellular phone seeking payment from her.  *Id.*

19.     Throughout 2016, Defendant has regularly called Plaintiff.  She has received as many as six calls during the same day with some calls coming seconds apart.  *Id.*

20.     As reference, from February 2, 2016 until February 6, 2016, Plaintiff received approximately 20 calls from Defendant.  *Id.*

21.     Frustrated with Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights.

22.     Plaintiff suffers from arthritis, diabetes and high blood pressure.  The frequent phone calls from Defendant have served to cause her stress and worsen her conditions.  *Id.*

23.     Plaintiff has suffered financial loss as a result of Defendant's actions.

24.     Plaintiff has incurred charges and expenses that she would not have otherwise incurred if not for Defendant's systematic calls, including the loss of cellular phone capacity.

25.     Plaintiff has been unfairly harassed by Defendant's actions.

26.     Plaintiff has suffered concrete harm as a result of Defendant's actions.
.

COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The brief pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS was being utilized.

30. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Any consent Plaintiff *may* have given was explicitly revoked by her demands for Defendant to stop calling and notice that the consumer credit card was paid.

31. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, JULIE ANN KAMINSKI, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT

33. Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Defendant violated I.C. 24-5-0.5-3 (a) and (b)(19) by engaging in an unfair, abusive and deceptive practice through its systematic attempts to collect a consumer debt from Plaintiff.

35. The IDCSA states:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227." I.C. 24-5-0.5-3(b)(19).

36. Plaintiff is a "person" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

37. Defendant is a "supplier" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

38. Defendant's attempts to collect against Plaintiff are "consumer transactions" as defined by the IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

39. Defendant engaged in unfair, abusive and deceptive behavior in its transactions with Plaintiff. Through systematic harassment, Defendant used an ATDS to relentlessly contact Plaintiff. Defendant was specifically notified that the debt it was seeking payment of was satisfied and to stop contacting Plaintiff. However, Defendant ignored these prompts in an abusive attempt to coerce further payment.

40. Placing numerous calls within a short window was abusive to Plaintiff. Defendant intended to harass Plaintiff into submission by causing her phone to ring repeatedly.

41. In violating the TCPA, Defendant engaged in illegal behavior during its attempts to collect from Plaintiff. Defendant intended that Plaintiff rely on its illegal behavior. The IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

42. The IDCSA further states:

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. 24-5-0.5-4(a)(1)(2).

43. As pled in paragraphs 21 through 26, Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

44. Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, JULIE ANN KAMINSKI, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

6

    b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

    c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 15, 2016               Respectfully submitted,

                                          s/ Nathan C. Volheim
                                          Nathan C. Volheim, Esq. #6302103
                                          Counsel for Plaintiff
                                          Admitted in the Northern District of Indiana
                                          Sulaiman Law Group, Ltd.
                                          900 Jorie Boulevard, Suite 150
                                          Oak Brook, Illinois 60523
                                          (630) 575-8181 x113 (phone)
                                          (630) 575-8188 (fax)
                                          nvolheim@sulaimanlaw.com